Patrice Livingston

v.                              Civil No. 1:11-cv-264-JD

State of Rhode Island, et al.

## O R D E R

Patrice Livingston brings suit against the State of Rhode
Island, two Rhode Island state court judges, and two state court
administrators for constitutional violations under 42 U.S.C. §
1983 and violation of the Americans with Disabilities Act (the
"ADA"), 42 U.S.C. § 12101, et. seq., arising out of the state
court's alleged denial of her request to appear before the court
telephonically. The defendants move to dismiss the complaint.
Livingston objects.

## Standard of Review

When considering a motion to dismiss under Federal Rule of
Civil Procedure 12(b)(6), the court must determine whether the
facts alleged, when taken as true and in the light most favorable
to the plaintiff, state a claim on which relief can be granted.
Rederford v. U.S. Airways, Inc., 589 F.3d 30, 35 (1st Cir. 2009).
Under the notice pleading standard of Federal Rule of Civil
Procedure 8(a)(2), a plaintiff need provide only a short and
plain statement that provides enough facts "'to raise a right to

relief above the speculative level . . . .'" <u>Ocasio-Hernandez v.</u>
<u>Fortuno-Burset</u>, 640 F.3d 1, 12 (1st Cir. 2011) (quoting <u>Bell Atl.</u>
<u>Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). The court must
separate the factual allegations from any legal conclusions and
decide whether the factual allegations, taken as true, state a
plausible claim for relief. <u>Ocasio-Hernandez</u>, 640 F.3d at 10-11
(applying <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949-50 (2009)).

## Background

Livingston has two disabilities: post-traumatic stress
disorder and autism spectrum disorder. On or about August 15,
2008, Livingston became involved in litigation with her former
partner over custody arrangements for their daughter. On July
27, 2009, Livingston made a request to the court for special
accommodations under the ADA. These requests included allowing
her to take breaks when she is symptomatic, allowing her to have
an ADA assistant with her in the courtroom, and training family
court clerks in ADA complaint procedures. After some delay, the
court granted the requests.

On December 10, 2011, Livingston, through her ADA assistant,
submitted an "Accommodations Request Update" to the state court
administrator. The update included a request for her to appear
telephonically at any future hearing. In response to
Livingston's request, Erika Kruse Weller, General Counsel to the

2

Rhode Island State Judiciary, directed Livingston to file a
motion to appear telephonically with the court. Weller explained
that a motion was necessary because "the absence of the physical
presence of a litigant impacts the nature of the judicial
process" and that therefore "the Court must consider the motion
carefully in light of all the attendant circumstances." Compl.
Ex. 2. Livingston did not file a motion and, instead, instituted
this action.

## Discussion

The defendants argue that the undisputed material facts are
that they did not deny Livingston's request to appear
telephonically. Rather, they directed Livingston to file a
motion requesting such relief, which she failed to do. The
defendants contend that because they did not deny Livingston's
request, there is no "case or controversy" for the court to
adjudicate. Livingston argues that the directive to file a
motion is tantamount to a denial of her request and that
therefore the matter does present a case or controversy.

Federal courts are authorized by Article III of the
Constitution "to resolve not questions and issues but 'Cases' and
'Controversies.'" Ariz. Christian Sch. Tuition Org. v. Winn, 131
S. Ct. 1436, 1441 (2011). A controversy must be "definite and
concrete, touching the legal relations of parties having adverse

3

legal interests. It must be a real and substantial controversy
admitting of specific relief through a decree of conclusive
character, as distinguished from an opinion advising what the law
would be upon a hypothetical state of facts." Aetna Life Ins.
Co. v. Haworth, 300 U.S. 227, 240-41 (1937); see also Cotter v.
City of Boston, 323 F.3d 160, 173 (1st Cir. 2003)("Article III's
cases and controversies language prohibits federal courts from
issuing advisory opinions").

"The doctrine of standing is one of several doctrines that
reflect [the] fundamental limitation" of the case or controversy
requirement. Summers v. Earth Island Inst., 555 U.S. 488, 493
(2009); see also Clinton v. City of N.Y., 524 U.S. 417, 429
(1998). To have standing to bring a claim, "a party seeking
relief in federal court must show that he has suffered an actual
injury, which is fairly traceable to the defendant's conduct and
redressable by a favorable judicial decision." Coggeshall v.
Mass. Bd. of Registration of Psychologists, 604 F.3d 658, 666
(1st Cir. 2010) (citing Lujan v. Defenders of Wildlife, 504 U.S.
555, 560-61 (1992)).

In addition, "[a]mong the showings required under the 'case
or controversy' requirement is 'ripeness,' which governs *when* a
proper party may bring a justiciable action consistent with
Article III." Gilday v. Dubois, 124 F.3d 277, 295 (1st Cir.
1997). In determining whether a claim is ripe, the court must

4

consider "the fitness of the issues for judicial decision."
Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 130 S. Ct. 1758,
1767 n.2 (2010) (internal quotation marks and citation omitted).
The critical question in determining whether an issue is fit for
judicial decision is whether "'the claim involves uncertain and
contingent events that may not occur as anticipated, or indeed
may not occur at all.'" Lincoln House, Inc. v. Dupre, 903 F.2d
845, 847 (1st Cir. 1990) (quoting 13A Charles A. Wright, Arthur
R. Miller & Edward H. Cooper, Federal Practice & Procedure §
3532.2, at 141 (1984)).

Here, Livingston contends the defendants violated the ADA[1]
and her fundamental constitutional rights by denying her the
right to appear at a hearing telephonically. The undisputed
facts, however, are that the defendants did not deny Livingston's
request to appear telephonically. Rather, they directed her to
file a motion with the court requesting such relief.

Livingston asserts that the defendants' "response
instructing the Plaintiff to file a motion for accommodations is
tantamount to a denial of her request because resolution of such
a motion would require the taking of evidence in the very
environment from which the plaintiff seeks to be accommodated."

---

[1]The ADA provides in part that "[N]o qualified individual
with a disability shall, by reason of such disability, be
excluded from participation in or be denied the benefits of the
services, programs, or activities of a public entity, or be
subjected to discrimination by any such entity." § 12132.

Compl. § 24. But filing a motion does not necessarily require the "taking of evidence" in the courtroom. Because Livingston is represented by counsel, she would not have to enter the court to file the motion. Indeed, Livingston had filed motions prior to making the request to appear telephonically and, presumably, would not be excused from filing motions in the future even if her request were granted. Therefore, Livingston's allegation that the defendants' directive was tantamount to a denial of her request is "conclusory and not entitled to be assumed true." Iqbal, 129 S. Ct. at 1951.

In short, Livingston does not have standing to bring her claim. She "has not suffered any injury in fact because [she] has not shown a deprivation of any constitutionally protected . . . interest-a failing that goes to the very heart of the standing requirement." Coggeshall, 604 F.3d at 666. Nor is Livingston's claim ripe, because it "involves uncertain and contingent events that . . . may not occur at all." Lincoln House, 903 F.2d at 847. Accordingly, this case does not meet the "case or controversy" requirement of Article III.

The defendants make numerous other arguments in support of their motion to dismiss. They argue that (i) the defendants are entitled to judicial or quasi-judicial immunity; (ii) the court should abstain from hearing the case because any ruling would invade the province of the Rhode Island State Courts; and (iii)

6

Livingston cannot show that she has a disability under the ADA or allege a constitutionally protected right that entitles her to relief under § 1983. In light of the court's dismissal of the action for the reasons stated above, the court does not reach the merits of these additional arguments.

## Conclusion

For the foregoing reason, the defendants' motion to dismiss the complaint (document no. 10) is granted. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

March 12, 2012

cc: Matthew L. Fabisch, Esq.
    Rebecca Tedford Partington, Esq.
    Susan E. Urso, Esq.

7